UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN M. ETHERIDGE,

        Plaintiff,

-v-

ALLIED BARTON SECURITY SERVICES,
LLC.,

        Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
12 CV 1745 (ENV) (JO)


FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 31 2012 ★
BROOKLYN OFFICE

VITALIANO, United States District Judge.

    On April 6, 2012, pro se plaintiff John M. Etheridge filed (1) a complaint alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and (2) an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The request to proceed in forma pauperis is granted. The complaint is dismissed for failure to state a claim, but with leave to replead within 30 days.

### Background

    Plaintiff's complaint is submitted on an employment discrimination form supplied by the Court. Etheridge checked the box indicating discrimination based on "color," but filled in "hair texture/length" in the space provided next to that box. Compl at 3, ¶ 7. Although the exact nature of plaintiff's job is unclear, he alleges that his employment responsibilities included overnight maintenance and testing of the fire alarm system for a building located in Manhattan. Etheridge alleges that his employer (1) failed to pay him enhanced wages and (2) terminated him after he failed to show up for work on the weekend that Hurricane Irene struck New York.

    Plaintiff previously filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). On January 13, 2012, the EEOC issued a Dismissal and Notice

1

of Rights letter, finding that plaintiff was not "subjected to an adverse employment action motivated by discriminatory animus as defined by Commission guidelines and federal law." See Dismissal and Notice of Rights letter, annexed to the Complaint. Etheridge now seeks monetary damages in this Court.

### Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Further, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678 (citations omitted). Finally, pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

### Discussion

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of

2

discrimination, a plaintiff must show that he (1) is a member of a protected class, (2) was qualified for the position he held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

The nature of Etheridge's Title VII complaint is unclear. Plaintiff asserts his employer denied him certain pay and terminated him after he failed to show up for work on the weekend that Hurricane Irene struck New York. Plaintiff checks a box on the employment discrimination form indicating that he was discriminated against on the basis of his color. Yet, he fails to indicate his color. More importantly, he fails to allege any facts showing that he was terminated based on his color or otherwise under circumstances giving rise to an inference of discrimination. In short, Etheridge's Title VII claims must be dismissed because the complaint asserts nothing to support a finding of actionable discrimination. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) (explaining that "factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief").

Etheridge never states that he intends to allege a contract or labor law claim. But, he does appear to assert that his employer acted improperly by failing to pay him "time and one half" for *all* hours worked. Because of plainitff's pro se status, the Court construes plaintiff's assertion as an attempt to state a cause of action based directly on the purported failure to pay. But the only allegation plaintiff offers in support of the purported failure to pay is that his employer was allocated a large enough budget, by a client of the employer, to pay plaintiff "time and one half." Compl at 5. This allegation offers no plausible basis to believe plaintiff's employer was legally required to pay plaintiff some type of enhanced rate. Regarding a potential labor law claim, plaintiff alleges his

employer "denied the plaintiff wages by applying a forty hours or more overtime policy, which would coincide with the Department of Labor overtime policy." Compl at 5. That is, plaintiff specifically alleges that his employer *complied* with relevant labor laws. See generally Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"); New York Labor Law, Articles 6 and 19 ("NYLL"). Accordingly, plaintiff fails to state any plausible contract or labor law based claims.

## Conclusion

In light of plaintiff's pro se status, this Court will grant plaintiff 30 days from the date this Order is entered on the docket to replead his complaint to correct the deficiencies noted above. No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the leave period, this action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
May 25, 2012

4